IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH J. KOTOFSKI** | * | |
| V. | * | CIVIL NO. SKG-09-981 |
| **MICHAEL J. ASTRUE** | * | |
| **Commissioner** | | |
| **Social Security Administration** | * | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff's counsel's motion for attorney's fees under 42 U.S.C. 406(b). Counsel represented plaintiff in his appeal of the denial of Social Security benefits in the above-captioned case. In the case, I denied plaintiff's motion for summary judgment, but remanded the case for further proceedings and further granted plaintiff an award of $4005.95 in fees under EAJA.[1] Subsequently, Mr. Kotofski received a fully favorable decision from the Social Security Administration, granting him past due benefits of $172,200, and future monthly benefits of approximately $2,000, as of October 26, 2011. In a line dated March 2, 2012, plaintiff's counsel sought an award of $43,050.00, representing 25% of plaintiff's past due benefits of $172,200. Since counsel had already received $6,000 in administrative fee, counsel only sought $37,050 from the Court as reasonable attorney's fees in this case. The Commissioner opposed the request, arguing that enforcement of the contingent fee agreement would result in a "windfall" to plaintiff's counsel. The Court agrees with the excellent and cogent analysis of the Commissioner. To his credit, after review of the Commissioner's submission, plaintiff's counsel re-evaluated his request for 25% of the past due award and reduced his fee request to $16,800. Or, as plaintiff's counsel characterizes it, he

---

[1] Counsel did not receive this fee, as it was garnished according to plaintiff's counsel.

1

seeks an award of two times his hourly rate of $350.00.[2] Relying on the decision in Hayes v. Secy of Health and Human Services, 923 F.2d 418, 422 (6th Cir. 1991), counsel asserts that this fee amount is thus per se reasonable.[3] With this reduction in fee request, the Commissioner withdrew his opposition. The Court also acknowledges and appreciates plaintiff's counsel reduced fee request, but has determined that a further, small reduction in the award is appropriate in the exercise of its discretion under governing law.

While the Court recognizes that § 406(b) does "not displace contingent fee agreements as the primary means by which fees are set," the Court also recognizes that the attorney for a successful Social Security claimant must show that the fee sought is "reasonable for the services rendered." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

The Court is cognizant of the need to encourage rather than discourage the private bar in representation of Social Security claimants in meritorious cases. However, the Court does not believe that the plaintiff's counsel has shown that the fee award he seeks is reasonable.

The Fourth Circuit in Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. at 792), discussed the circumstances which would trigger the reduction of a contingent fee. "[T]he Gisbrecht court noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and

---

[2] Plaintiff's counsel had documented 24 hours of time on the case. $16,800 divided by 24 hours equals $700 per hour. While counsel asserts that $350 is his hourly rate, the Court knows that attorneys frequently do not receive their "published" hourly rate from clients. There is no documentation that Mr. Demuth routinely receives $350 an hour from fee paying clients for this type of work. Finally, there is no evidence as to the standard rate of fees for attorneys working in this geographical area for legal services of this kind. By contrast, the Rules and Guidelines, Appendix B to the Local Rules, ¶ 3would suggest that an award of an hourly rate of $350 is excessive in this jurisdiction.

[3] While counsel declares that under Hayes v. Secy of Health and Human Services, 923 F.2d 418 (6th Cir. 1990) his effective hourly rate of $700 is per se reasonable, that is simply wrong. First and critically, Hayes is a 6th Circuit (not 4th Circuit) case and is pre-Gisbrecht. Second, the Eighth Circuit holding was that if "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market," there is no windfall. Id.at 422. Here, of course, counsel did not submit any evidence of the standard rate for such work in the relevant market but simply attested to his hourly rate. The Guidelines would suggest that the standard rate for such work by a person of Mr. Demuth's experience would be $165 – doubled $330 – not $700.

the results . . . achieved,' (2) counsel's delay caused past due benefits to accumulate 'during the pendency of the case in court,' or (3) past due benefits 'are large in comparison to the amount of time counsel spent on the case.'"

Consideration of factor 3 strongly militates for a major reduction of fee. The past due benefits here - $172,200 – "are [very] large in comparison to the amount counsel spent ["24 hours"] Id. This is the strongest factor compelling a reduction in the fee request. The size of the past due benefits award and thus the size of the contingency fee award amount was the result of claimant's long struggle to obtain benefits and longstanding disability, not the especial legal skill or long term representation of counsel of client.

While the lodestar analysis does not control here, it certainly is instructive in the Court determining the reasonableness of the sought fee award in conjunction with the work documented, and the past benefits awarded. Under the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B to Local Rules (D. Md.), (the "Guidelines"), the presumptive hourly rate for an attorney with 5-8 years of experience is between $165-$250 an hour. Mr. Demuth was admitted to the Maryland bar in 2004 and this Court in 2005. He attested to two years of experience in Social Security law. Accordingly, he had approximately 5 years of experience at the time he did the legal work at issue. (While the cap on hourly rate of $175 for fee awards under EAJA does not control here, the Court takes notice that $175 is deemed a reasonable hourly rate for work in this area of the law). Under the Guidelines, given his 5 years of experience, his hourly rate would appear to be presumptively $165.00. However, in recognition of his contingency agreement and the need to encourage attorneys to take this important work, the Court shall award $250 an hour – the top rate for lawyers with experience in

the 5-8 year range - (and then double it) for the entire number of hours documented – 24 – for a total of $12,000.

Factor 1 also militates for a reduction in fee, but a slight one.  Obviously, the result of the appeal was excellent for claimant.  Pro se appeals are difficult, though not impossible.  Realistically, however, without Mr. Demuth (or other lawyer) undertaking the appeal, Mr. Kotofski would have been unlikely to prevail.  There is a wide spectrum in the quality of representation of Social Security claimants in federal court.  Some counsel's representation is barebones – simply enough to get a client's "ticket punched," that is, simply filing the appeal in federal court and making some argument, leaving frankly much of the heavy lifting to the government and ultimately the Court to fully identify and analyze the sufficiency of the ALJ decision.  Counsel here did much more.  Counsel's representation was certainly adequate, better than average, but not extraordinary.  As the Commissioner stated in his opposition to the EAJA award, much of his initial memorandum on appeal was boilerplate, (of the 10 pages of the memorandum, only five are directed to the facts of this case with one page, a lengthy block quote).  Moreover, in his initial memorandum, counsel raised a single issue:  that it was error to rely exclusively on the "grids" in light of claimant's non-exertional impairments; rather VE testimony was required at step five.  However, in his response counsel challenged the Commissioner's position that the ALJ found that claimant's pain only occurred on exertion and affected only limited strength functioning.  Counsel stated that the "ALJ did not actually ma[ke] such a conclusion in his written opinion."  So, in the response he more fully engaged on the key issue – the issue upon which the Court remanded, albeit with much greater analysis – the failure of the ALJ to discharge his duty of explanation.  Accordingly, while counsel identified relevant issues, the Court remanded on a basis not clearly articulated and not fully supported by record

references, by counsel, and mentioned only briefly in his response, not in its initial memorandum.

Finally, counsel has attached a letter from Mr. Kotofski expressly his "eternal[ ] grat[itude] to Mr. Demuth and his associates" and his opinion that "Mr. Demuth is totally entitled to the fullest compensation that he truly deserves." There is, however, no indication that Mr. Kotofski understood the size of the fee award if the 25% contingency or some lesser percentage was applied or that the Court has a duty to assess and only award a reasonable fee in light of the services rendered, or indeed that the fee was coming from his past due benefit award. Accordingly, the Court assigns no weight to this letter. While the Court in Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036-38 (N.D. Cal. 2003) considered the client's consent to the fee requested as a factor in the reasonableness of the fee, Mr. Kotofski's letter does not signal any understanding of the large amount his counsel is requesting. The Court has taken the time and care to review the fee for reasonableness under the governing law, as this fee is, of course, not coming from the federal treasury, but from the past benefits award of Mr. Kotofski – a man of extremely modest financial means. See Affidavit in support of motion for leave to proceed in forma pauperis (ECF No. 2).

Thus, considering all the relevant factors, an award of the requested $16,800 would be an unearned windfall. I think this opinion makes clear that in the absence of the contingency agreement, and under general reasonableness principles, the Court would have made a significantly lesser award – likely $3,960 (all 24 hours X $165 an hour) under the Guidelines of our Court. But in light of Gisbrecht and Mudd, the Court awards counsel $12,000 in addition to the $6,000 he has already received.

Date: 12/7/12                                          /s/
                                              Susan K. Gauvey
                                              United States Magistrate Judge